UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM R. VANDERWALL** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-977** |
| **LORRIE S. VANDERWALL** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, Lorrie S. Vanderwall. In the alternative, defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff, William R. Vanderwall, opposes[2] the motions. For the following reasons, defendant's motion to dismiss is **GRANTED** and defendant's motion for a more definite statement is **DISMISSED AS MOOT**.

### *BACKGROUND*

As best the Court can discern, this case arises out of a divorce between plaintiff and defendant, his ex-wife. Plaintiff seemingly alleges that his ex-wife obtained possession of their "community property" following the divorce and in doing so, violated plaintiff's due process and equal protection rights.[3]

Defendant moves to dismiss plaintiff's complaint on two grounds. First, defendant asserts that plaintiff's attempted service did not comply with Federal Rule of Civil Procedure 4. Second, defendant argues that plaintiff has failed to state a claim upon which relief may be

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 6.
[3] R. Doc. No. 1, p.13.

1

granted. In the alternative, defendant argues that plaintiff should be ordered to file a more definite statement pursuant to Rule 12(e) because plaintiff's complaint is so vague or ambiguous that defendant cannot reasonably prepare a response.

*LAW*

**I.     Rule 12(b)(5)**

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." Wallace v. St. Charles Parish Sch. Bd., No. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005). "In the absence of valid service of process, proceedings against a party are void." Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." Id. If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

**II.    Rule 12(b)(6)**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in Gonzalez v. Kay:

> "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the Twombly standard, explaining that

> "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey, 197 F.3d at 774; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " Cutrer v. McMillan, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986)).

As plaintiff is appearing pro se, the Court is permitted to examine his complaint with "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, (1972). Plaintiff's pleading is to be construed liberally. U.S. v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).

## *ANALYSIS*

Plaintiff claims that defendant has violated his due process and equal protection rights, but "[t]he rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the State, not by

3

private parties." Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 384 (1979) (Stevens, J. concurring); Whitten v. Petroleum Club of Lafayette, 508 F.Supp. 765, 772 (W.D. La. 1981).  Since plaintiff has made no allegations whatsoever with respect to state action and has not named any state actors as defendants, even construing the complaint liberally, plaintiff fails to state a claim upon which relief may be granted.[4]

For the foregoing reasons,

**IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED** and plaintiff's claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that defendant's motion for a more definite statement is **DISMISSED AS MOOT**.

New Orleans, Louisiana, July 12th, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[4] Since the Court finds that dismissal is warranted under Rule 12(b)(6), the Court does not address the issue of service of process. See Wells v. Welborn, 2011 WL 2222311, at *1 (M.D. La, Jun 8, 2011).  Likewise, the Court does not address defendant's alternative motion for a more definite statement.